UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Eble, | No. 2:22-cv-01701-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Nissan of Yuba City, et al., | |
| Defendants. | |

Plaintiff James Eble filed this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. in September 2022. *See* Compl. A year later, plaintiff's counsel filed a notice representing plaintiff tragically died on September 12, 2023. *See* Notice, ECF No. 38. Plaintiff's counsel then filed a supplement informing the court decedent's family was unlikely to raise an estate and decedent's son, his sole heir and successor, would file a motion within thirty days if he wished to seek leave to substitute as plaintiff's successor-in-interest. *See* Supplement, ECF No. 40.

Under Federal Rule of Civil Procedure 25, when a party dies and the claim is not extinguished, "[a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). The ninety-day period is triggered once a party (1) files a notice or suggestion of death

and (2) serves the suggestion of death on other parties and nonparty successors or representatives of the deceased in the same manner as required for service of the motion to substitute. *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).

As noted above, plaintiff's counsel filed a formal notice of death in September 2023. However, it is unclear from the information provided whether counsel also properly served the notice on the appropriate parties. Accordingly, within thirty (30) days from the date of this order, plaintiff's counsel shall provide a declaration describing his efforts to serve the suggestion of death on the appropriate parties in accordance with Rule 25.

IT IS SO ORDERED.

DATED: March 5, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE