UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Eble,<br><br>                Plaintiff,<br><br>   v.<br><br>Nissan North America, Inc., et al.,<br><br>                Defendants. | No. 2:22-cv-01701-KJM-JDP<br><br>ORDER |

        Plaintiff James Eble filed this action in September 2022.  *See* Compl., ECF No. 1.  A year later, plaintiff's counsel filed a notice representing plaintiff died on September 12, 2023.  *See* Suggestion of Death, ECF No. 38.  Plaintiff's counsel then filed a supplement with the decedent's certificate of death.  *See* Supplement, ECF No. 40.  Counsel informed the court decedent's family was unlikely to raise an estate, however, decedent's son, his sole heir and successor, would file a motion within thirty days if he wished to seek leave to substitute as plaintiff's successor-in-interest.  *Id.*

        The court noted it was unclear whether counsel properly served the notice of death on the appropriate parties.  Prior Order, ECF No. 42.  The court therefore directed counsel to provide a declaration describing his efforts to serve the suggestion of death on the appropriate parties in accordance with Federal Rule of Civil Procedure 25.  *Id.*  Counsel responded and declared it was his intent to file a motion to substitute under Rule 25 once he had the requisite declaration from

1

the decedent's son, Ryan Rafanan.  *See* Resp., ECF No. 43.  Counsel has now submitted a status report informing the court of his efforts to communicate with Mr. Rafanan and that Mr. Rafanan has been incarcerated.  *See* Status Report, ECF No. 44.

Eight months have passed since counsel filed the suggestion of death.  Under Rule 25, when a party dies and the claim is not extinguished, "[a] motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Fed. R. Civ. P. 25(a)(1).  The ninety-day period is triggered after a party (1) "formally suggest[s] the death of the party upon the record," and (2) "serve[s] other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute."  *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).

Despite filing both a response to the court's order and a status report, counsel still has not clarified whether he has properly served the suggestion of death on the appropriate parties.  It is thus unclear whether the ninety-day period to file a motion to substitute has been triggered.  Accordingly, a **status conference is set for June 27, 2024, at 2:30 p.m.** before Chief District Judge Kimberly J. Mueller.  The status conference will proceed by video conferencing through the Zoom application.  The Courtroom Deputy will provide counsel with the access information no less than 24 hours before the status conference.  The parties, including defendants, shall meet and confer and **shall file a Joint Status Report fourteen (14) days prior** to the status conference updating the court on the status of this case.  Plaintiff's counsel shall be prepared to discuss and demonstrate whether he has served the suggestion of death on the appropriate parties in accordance with Rule 25.

IT IS SO ORDERED.

DATED:  May 28, 2024.

CHIEF UNITED STATES DISTRICT JUDGE