UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Eble, | No. 2:22-cv-01701-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Nissan of Yuba city, et al., | |
| Defendants. | |

Plaintiff James Eble died in September 2023. Plaintiff's counsel now moves to substitute Ryan Rafanon, Mr. Eble's son and sole heir and successor, for the deceased under Federal Rule of Civil Procedure 25. Mot., ECF No. 48. Defendant John L. Sullivan Dodge Chrysler, Inc. ("Dodge Chrysler") has opposed the motion, *see* Opp'n, ECF No. 51,[1] and plaintiff has filed a reply, *see* Reply, ECF No. 52, as well as an amended reply, *see* Am. Reply, ECF No. 53. For the reasons explained below, the court **grants** the motion to substitute.

Mr. Eble filed this action in September 2022. *See* Compl., ECF No. 1. A year later, plaintiff's counsel filed a notice representing plaintiff died on September 12, 2023. *See* Suggestion of Death, ECF No. 38. Plaintiff's counsel then filed a supplement with the decedent's

---

[1] As plaintiff's counsel points out, *see* Am. Reply at 2–3, Defendant's opposition was not timely according to the local rules as it was filed more than fourteen days after plaintiff filed the instant motion, *see* E.D. Cal. L.R. 230; *see generally* Mot.; Opp'n. The court nonetheless proceeds to consider the merits of the opposition in the interest of fair and efficient resolution.

certificate of death. *See* Suppl., ECF No. 40. Counsel informed the court decedent's family was unlikely to raise an estate, however, Mr. Rafanon would file a motion within thirty days if he wished to seek leave to substitute in as plaintiff's successor-in-interest. *See id.* The court has twice ordered plaintiff's counsel to provide an explanation of whether the suggestion of death was properly served on the appropriate parties. Mr. Rafanon filed a waiver of service on June 14, 2024, *see* Decl. Waive Serv., ECF No. 47, and plaintiff's counsel ultimately filed a motion to substitute on June 17, 2024, *see* Mot.

In evaluating a motion to substitute under Rule 25, courts must consider: (1) the timeliness of the motion; (2) whether the claim(s) have been extinguished; and (3) whether a proper party is proposed to be substituted. *See Veliz v. Cintas Corp.*, No. 03-1180, 2008 WL 2811171 (N.D. Cal. July 17, 2008) (citing Rule 25(a)(1)). Under Rule 25, when a party dies and the claim is not extinguished, "[a] motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). The ninety-day period is triggered after a party (1) "formally suggest[s] the death of the party upon the record," and (2) "serve[s] other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) (citations omitted). "[N]on-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons." *Id.* at 233 (citation omitted). "[T]he 90 day period provided by Rule 25(a)(1) will not be triggered against [the plaintiff's] estate until the appropriate representative of the estate is served a suggestion of death in the manner provided by Federal Rule of Civil Procedure 4." *Id.* at 233–34.

Rule 4 requires service to be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by following one of these three options: (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who

2

resides there"; or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4. In California, service may be achieved through "personal delivery, California Civil Procedure Code § 415.10, by leaving a copy of the summons at an office or residence with an appropriate person and thereafter mailing another copy to the same individual at the same address, § 415.20, by mail, § 415.30, or by publication, § 415.50." *Leiva v. Zaldivar-Galves*, No. 23-00986, 2024 WL 643894, at *1 (E.D. Cal. Feb. 15, 2024). "Additionally, failing these methods, a court may order a summons be served 'in a manner which is reasonably calculated to give actual notice to the party to be served.'" *Id.* (citing and quoting Cal. Civ. P. Code § 413.30).

Plaintiff's counsel argues the 90-day clock here began to run on June 14, 2024, "when Rafanon waived service of the suggestion of death." *See generally* Mot.; Am. Reply. Dodge Chrysler, on the other hand, argues the 90-day clock began running "no later than November 11, 2023" when Mr. Rafanon signed a declaration "acknowledg[ing] the death of his father, his status as the sole surviving child and Successor in Interest, the claim his father brought against defendants, to include [Dodge Chrysler], and his entitlement of proceeds from a claimed settlement with [Nissan of Yuba City]." Opp'n at 1 (citing Rafanon Decl., ECF No. 43-1). Dodge Chrysler argues because Mr. Rafanon had knowledge of the opportunity to substitute in and stated an interest in doing so, he was effectively served. *See id.* Plaintiff's counsel persuasively argues Mr. Rafanon's prior knowledge about the case and interest in substituting in as plaintiff does not waive the Ninth Circuit's clear requirement of service in compliance with Rule 4 to start the clock. *See generally* Mot.; Am. Reply. Although Dodge Chrysler shows Mr. Rafanon knew about this case and the opportunity to succeed his father, it does not point to any controlling authority that states the manner in which Mr. Rafanon was first notified about the case amounts to satisfying the service requirement. Mr. Rafanon was not served according to Rule 4 until June 14, 2024, when he submitted a signed waiver of service of the suggestion of death. *See* Decl. Waiver Serv. The motion for substitution was filed on June 17, 2024, less than 90 days after he waived service. *See* Mot. Accordingly, the motion is timely. *See, e.g., Fugnetti v. Bird B Gone, Inc.*, No. 19-00847, 2020 WL 6526363, at *2 (C.D. Cal. Sept. 17, 2020) (successors not

required to file motion to substitute until after they were served in accordance with Rule 4); *Fugnetti v. Bird B Gone, Inc.*, No. 19-00847, 2020 WL 6526363, at *2 (C.D. Cal. Sept. 17, 2020) (finding 90-day period did not start because suggestion of death was not served properly).

The other two requirements of substitution have also been met. First, "[t]he question of whether an action survives the death of a party must be determined by looking towards the law, state or federal, under which the cause of action arose." *Angelo v. Thomson Int'l, Inc.*, No. 21-01609, 2023 WL 158295, at *1 (E.D. Cal. Jan. 11, 2023) (internal citations and quotation marks omitted). Because the False Credit Reporting Act "does not include a specific provision addressing survival of claims upon the claimant's death," federal law determines whether th[e] claim survives." *Pena v. Experian Info. Sols., Inc.*, No. 22-01115, 2023 WL 4680807, at *2 (C.D. Cal. June 8, 2023) (citation omitted). Federal common law provides claims survive the death of a decedent if the claim is remedial in nature. *See id.* FCRA is a remedial statute, and the FCRA claim survives Mr. Eble. *See id.* Second, Rule 25 states a "proper party" is the decedent's "successor in interest or legal representative." *See Veliz*, 2008 WL 2811171, at *2 (citation omitted); Mot. at 11–12. Mr. Rafanon is a proper party because he is Mr. Eble's son and sole survivor. *See id.*; Rafanon Decl. ¶ 1, ECF No. 48-1.

Accordingly, the court **grants** the motion of substitution. The court **sets** a settlement conference for this case in person before Magistrate Judge Jeremy Peterson on October 29, 2024 at 10:00 am. The parties are directed to file within seven (7) days the signed "Notice of Waiver of Disqualification of Settlement Judge Pursuant to Local Rule 270(b), available on the court's website, if they are prepared to waive disqualification to allow Judge Peterson to serve as the settlement judge. Judge Peterson will then provide additional orders prior to the settlement conference.

This order resolves ECF No. 48.

IT IS SO ORDERED.

DATED: July 31, 2024.

CHIEF UNITED STATES DISTRICT JUDGE